THE STATE OF KANSAS, *ex rel. Fred S. Jackson, as Attorney-general, Plaintiff,* v. THE ANHEUSER-BUSCH BREWING ASSOCIATION *et al., Defendants.*

No. 15,488.

CONTEMPT — *Violation of Judgment of Ouster — Intoxicating Liquors.* The conclusion of a commissioner that the defendants were not guilty of contempt in violating an order prohibiting a brewing association from holding or using property in this state in violation of law and forbidding its agents from engaging in or carrying on any business for it here was supported by the findings.

Original proceeding for contempt. Opinion filed February 12, 1910. Judgment for the defendants.

*Fred S. Jackson,* attorney-general, *John Marshall,* assistant attorney-general, and *Charles D. Shukers,* special assistant attorney-general, for the plaintiff.

*S. B. Amidon, D. M. Dale,* and *Jean Madalene,* for the defendants.

*Per Curiam:* This is a prosecution against the Mahan Mercantile Company, Thomas Mahan and William Meyer for contempt in violating the commands of the

judgment of ouster in this action (76 Kan. 184) by maintaining upon the premises of the defendant brewing association in Wichita, described in the accusation, a place where intoxicating liquors were sold, stored and distributed in violation of law.

The persons accused move for confirmation of the report of the commissioner appointed to hear the accusation, which report contains findings of fact and a conclusion that the accused are not guilty of the contempt charged. Mahan has since died. The attorney-general opposes the motion to confirm, and, upon the findings of fact, asks for judgment against Meyer.

The commissioner found that Mahan and Meyer solicited orders for beer and sold beer in Wichita in violation of law within the period covered by the accusation. He also found and described the manner in which the liquor traffic was carried on by means of orders solicited by Mahan and Meyer, as agents of the mercantile company, a Missouri corporation doing business in that state, and deliveries made by such agents to the purchasers at Wichita. The findings do not state that beer was sold upon the premises described, and it is found that Mahan and Meyer were not officers, agents, employees or servants of the brewing association, and that the mercantile company had no such relation to that association.

The judgment of ouster prohibits the defendant brewing association from holding or using property in this state in violation of law, and prohibits its officers, agents, employees and servants from engaging in or carrying on any business for it here. No specific property is described in the judgment. The accused are not parties to the action.

The state does not ask for a review of the evidence, and it is not abstracted. Upon an examination of the findings the conclusion of the commissioner is found

to be sustained. The motion of the plaintiff for judgment against Meyer for contempt is denied, and the report of the commissioner is confirmed. .